ALTENBERND, Judge.
M.B. appeals an order of involuntary placement in a state mental health treatment facility. We dismiss the appeal as moot. M.B. is no longer committed under this order. From the record, it appears without dispute that M.B. is an indigent “whose only sources of income are from state and federal aid.” § 402.33(2)(g), Fla. Stat. (1991). Thus, the state is not authorized to collect fees or file a lien against any assets of M.B. Under the standards announced in Godwin v. State, 593 So.2d 211 (Fla.1992), this appeal is moot because M.B. has been released from the state treatment facility and it is conceded that M.B. will not suffer any collateral legal consequences as a result of the involuntary placement.
If this appeal were not moot, we would have considerable difficulty determining whether there was sufficient evi *711 dence to permit the placement of M.B. in a state mental health treatment facility. We recognize that hearings on involuntary placement are frequently conducted on an emergency basis under less than ideal circumstances. Nevertheless, it is imperative for the state and the circuit court to ensure that an adequate record exists to allow review of an order that involuntarily confines a person. See Shuman v. State, 358 So.2d 1333 (Fla.1978). This hearing was conducted without a court reporter. The transcript, apparently obtained from a tape recording, does not reflect that any witness was sworn. See § 90.605, Fla.Stat. (1991). Essential testimony was received from two witnesses, one of whom is identified as “Doctor,” and the other, as “Unidentified.” We would encourage the state and the circuit court to consider steps that would avoid these serious problems in future involuntary placement proceedings.
Appeal dismissed.
CAMPBELL, A.C.J., and HALL, J., concur.